ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY LYNN JACKSON,<br>(BOP #45683-017) | § § § § | |
| VS. | § | CIVIL NO.4:15-CV-696-O(BJ) |
| UNITED STATES<br>OF AMERICA, et al. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER
(With special instructions to the Clerk of Court)

In this case, Bureau of Prisons inmate/plaintiff Terry Lynn Jackson filed a new civil case accompanied by a motion for leave to proceed *in forma pauperis.* Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Terry Lynn Jackson is the plaintiff. He has named as defendants the united States of America and several individual defendants.

C. LEGAL ANALYSIS

Plaintiff Terry Lynn Jackson, presently serving a federal sentence under Bureau of Prisons (BOP) number 45683-177, was convicted in this district in case number 3:13-CR-031-B (1). The

the Presentence Report (PSR) filed in that action confirms that Jackson previously was imprisoned in the Texas Department of Criminal Justice ("TDCJ") under identification numbers 484992 and 671756. *United States v. Jackson,* No.3:13-CR-031-B (1) (PSR ECF No. 30, at 3.) Although plaintiff Jackson has now filed a motion for leave to proceed in forma pauperis in this suit, Court records reveal, as a result of previously filing suits with claims deemed frivolous or for failure to state a claim upon which relief may be granted, he is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury.[1] Jackson obtained the qualifying dismissals in the United States District Court for the Eastern District of Texas, and the United States District Court for the Northern District of Texas. Those dismissals include: *Jackson v. Gurney Unit, et al.,* No.6:95-CV-009-WWJ (E.D. Tex. September 17, 1995 order and judgment dismissing claims as frivolous under 28 U.S.C. § 1915(d)); *Jackson v. Parks,* No.3:94-CV-1648-P (N.D. Tex. August 26, 1994 order and judgment dismissing complaint as frivolous); *Jackson v. Parks,* No.3:94-CV-1465-X (N.D. Tex. July 29, 1994 order and judgment dismissing complaint as frivolous under § 1915(d)).

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

2

Because Jackson has three qualifying dismissals under 28 U.S.C. 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But Jackson has not set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g); that is, Jackson does not claim that he is "under imminent danger of serious physical injury." Thus, the undersigned finds that Terry Lynn Jackson is not entitled to proceed *in forma pauperis* in this action and, if he wishes to proceed with this suit, he must pay a full filing fee.

## RECOMMENDATION

It is therefore RECOMMENDED that Terry Lynn Jackson's (BOP No. 45685-177) should not be allowed to proceed in forma pauperis in this action and that the motion to proceed in forma pauperis be DENIED by the district judge. It is further RECOMMENDED that the district judge inform plaintiff Jackson that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless he pays to the clerk of Court the filing and administrative fees of $400.00[2] within seven (7) days after the district judge's order.

---

[2] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

3

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 14, 2015. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

4

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until October 14, 2015 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED September 23, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE