IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY LYNN JACKSON, § | | |
| (BOP #45683-017) § | | |
| § | | |
| § | | |
| VS. § | | CIVIL NO.4:15-CV-696-O |
| § | | |
| UNITED STATES § | | |
| OF AMERICA, et al. § | | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g)
AND ORDERING PLAINTIFF TO PAY FULL FEES**

This civil action was initiated by the filing of a civil complaint by Bureau of Prisons' inmate/plaintiff Terry Lynn Jackson. On September 23, 2015, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing and administrative fees. Plaintiff filed written objections. Thus, the Court has conducted an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 23, 2015; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 30, 2015.

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge and as set forth herein, Plaintiff's objections must be overruled, Plaintiff is not entitled to proceed in forma pauperis, and must pay the full fees.

More particularly, the Court notes that the magistrate judge listed three cases that qualify as § 1915(g) "strikes": *Jackson v. Gurney Unit, et al.*, No.6:95-CV-009-WWJ (E.D. Tex. September 17, 1995 order and judgment dismissing claims as frivolous under 28 U.S.C. § 1915(d)); *Jackson v. Parks*, No.3:94-CV-1648-P (N.D. Tex. August 26, 1994 order and judgment dismissing complaint as frivolous); *Jackson v. Parks*, No.3:94-CV-1465-X (N.D. Tex. July 29, 1994 order and judgment dismissing complaint as frivolous under § 1915(d)).

Jackson acknowledges that he filed two separate civil suits in 1994 against Officer Parks, but he now claims that the second suit, *Jackson v. Parks,* No. 3:94-CV-1648, was dismissed as duplicative, but not as frivolous. Jackson is wrong. The Court has retrieved the original records of case number 3:94-CV-1648. The magistrate judge's findings, conclusions and recommendation provided:

> Upon consideration of [Plaintiff's allegations against defendant Parks], the Court has determined that the complaint should be dismissed as frivolous pursuant to Title 28, United States Code, Section 1915(d). That statute authorizes the dismissal of any complaint filed in forma pauperis if the plaintiff's claim lack [sic] an arguable basis in either law of fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir.) (per curiam), cert. denied, 111 S. Ct. 2863 (1991).
>
> In this case plaintiff's claim against defendant lacks an arguable basis in both law [sic]. Specifically, the Court has examined its records and learned that plaintiff has recently filed another cause of action pursuant to Title 42, United States Code, Section 1983 against the same defendant based precisely upon the same factual allegations. That case, No. CA 3-94-CV-1465-X: Jackson v. Parks, remains pending as of this date. The United States Court of Appeals for the Fifth Circuit has recently held that a cause of action filed in forma pauperis raising claims similar or identical to those presented in a prior complaint is subject to dismissal for reason of frivolity under Title 28, United States Code, Section 1915(d). Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846, 849 (5th Cir.), cert. denied,

      493 U.S. 969, 110 S. Ct. 417 (1989). Application of that rule to the instant complaint clearly requires its dismissal.

*Jackson v. Parks,* No.3:94-CV-1648-P (N.D. Tex. Aug. 15, 1994), *rep. and rec. adopted*, (Aug. 26, 1994) (copies attached hereto). As the review of the records confirms, case number 3:94-CV-1648-P was dismissed as frivolous. That case qualifies as a countable strike under § 1915(g). Plaintiff's objection to the listing of prior cases that qualify under 1915(g) are overruled.

      Jackson also challenges the magistrate judge's finding that he did not assert claims that he is under imminent danger of serious physical injury. Plaintiff, who is serving a sentence of imprisonment in the Bureau of Prisons, filed a twenty-page complaint, listing allegations regarding the adequacy of the medical care he has been receiving for treatment of hypertension and diabetes. Compl. 1. at 4-13, ECF No. 1. His allegations begin with factual events in January 2013, and continues through events alleged in June 2015. *Id.* at 4-10. In his objections, Plaintiff recites that the complaint includes an alleged failure to properly treat a heart attack in October 2014; an allegation that the continued course of treatment will "result in the risk of permanent injury or death"; an allegation that he continues to suffer adverse side effects from the medications provided by defendants; and an allegation that "defendant's inattention to his medical needs will cause Jackson to suffer ongoing complications and increased susceptibility to various side effects of the unnecessary and/or incorrect medications being provided for diabetes, and the failure to provide follow-up medical care." Objections, at 3, ECF No. 9.

      In *Banos v. O'Guinn*, 144 F.3d 863, 884-85 (5th Cir. 1998), the United States Court of Appeals for the Fifth Circuit held that the determination as to whether a prisoner is in "imminent danger" must be made as of the time he seeks to file his complaint in forma pauperis. *Banos,* 144 F.3d at 885 ("[W]e must determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP*") (emphasis in original). Thus, in order to invoke the exception to § 1915(g),

3

Plaintiff must recite a danger "imminent" when the complaint is filed. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3rd Cir.2001) (citing Webster's Dictionary for the proposition that " '[i]mminent' dangers are those dangers which are about to occur at any moment or are impending"); *see also Fuller v. Wilcox,* 288 F. App'x. 509, 511 (10th Cir. 2008) (injury must be "imminent or occurring at the time the complaint is filed") (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003)). To satisfy the "imminent danger" exception, a complainant must offer "*specific* fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller,* 288 F. App'x. at 511 (quoting *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (emphasis in original)). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. *Id.; see also Ciarpaglini,* 352 F.3d at 330; *Abdul-Akbar,* 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent'"); and *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).

In this case, the complaint was filed in September 2015. A review of the allegations in plaintiff Jackson's complaint, however, arise from several different incidents in 2013 through 2015 that relate to his claims that he is not being properly treated for hypertension and diabetes. Plaintiff's allegations do not recite a danger that is imminent, but rather provide general complaints about the ongoing nature of alleged lack of medical care. The Court finds instructive the opinion of another district court reviewing similar allegations of imminent danger arising from ongoing medical care:

> Citing various cases from courts outside the Fifth Circuit, Plaintiff contends that his allegations regarding Defendants' refusal to provide him appropriate medications, a specialized diet, and other accommodations in order to ameliorate and/or treat his Hepatitis C and diabetes are sufficient to show imminent danger of serious physical injury. However, none of the authority upon which Plaintiff relies is binding upon this Court, and the cases from sister courts within this circuit appear contrary to his position. *See, e.g., Edmond v. Tex. Dept. Of Corr.,* Nos. 97–10819, 97–11170, 97–11202, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (inmate's allegations that prison officials' refusal to provide adequate medical care had caused seizures and nervous attacks were "insufficient to meet the threshold requirement of imminent danger of physical injury"); *Williams v. Louisiana,* No. 07–0602, 2007 WL 1747010,

4

at *2, *4 (E.D. La. May 7, 2007) (prisoner's claims that "ha[d] not been furnished a specialized diet for his diabetes and hypertension" were insufficient to make the showing required by § 1915(g)); *Ford v. Foti*, No. 01–1970, 2001 WL 845461, at *2 (E.D. La. July 25, 2001) (inmate's allegations that prison doctors refused to administer proper treatments for Hepatitis C failed to allege physical danger sufficient to overcome the § 1915(g) bar); *Harrison v. Arasor*, No. 11–712, 2011 WL 1831703, at *1–*2 (N.D. Tex. Apr.20, 2011) (allegations of insufficient accommodations for management of inmate's diabetes did not show imminent danger of serious physical injury); *Patterson v. Dretke*, No. 04–0132, 2004 WL 1205126, at *2 (N.D. Tex. June 2, 2004) (finding that plaintiff had not presented facts showing imminent danger of serious physical injury resulting from denial of treatment for his Hepatitis C). Accordingly, the Court agrees with the magistrate judge's conclusion that Plaintiff's complaint does not show that he is currently "under imminent danger of serious physical injury," as required by 28 U.S.C. § 1915(g).

*Arvie v. Tanner*, No. 12-1638, 2012 WL 3597127, at *2 (E.D. La. Aug. 21, 2012). Thus, a review of the complaint under the applicable standards and under this persuasive authority confirms that Plaintiff's recitation of general challenges about the adequacy of the medical care he receives, does not state a claim for relief from a danger "imminent" when his complaint was filed. Plaintiff's remaining objections to the magistrate judge's report are overruled.

It is therefore **ORDERED** that the findings, conclusions and recommendation of the magistrate judge are **ADOPTED**.

It is further **ORDERED** that Plaintiff Terry Lynn Jackson is denied leave to proceed *in forma pauperis* in this action. If Plaintiff wishes to proceed with this action, he must pay to the Clerk of Court the full filing and administrative fees of $400.00 within fourteen (14) days of the date of this order. Failure to timely pay the full filing and administrative fees to the Clerk of Court may result in the dismissal of this action without further notice pursuant to Fed. R. Civ. P. 41(b).[2]

**SIGNED this 7th day of April, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2]*Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962) (holding that court may dismiss for lack of prosecution under its inherent authority); *Hickerson v. Christian*, 283 F. App'x. 251, 253 (5th Cir. 2008) (per curiam) ("A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b).").

5